UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ONEIL SATCHWELL,

                                                    Plaintiff,

           -against-

THE CITY OF NEW YORK, POLICE OFFICER ANDI
GJECI (shield # 00414), POLICE OFFICERS JOHN
DOES 1 & 2,

                                                    Defendants.

**COMPLAINT**

14 CV 2408 (AKH)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Plaintiff ONEIL SATCHWELL, by his attorney RICHARD CARDINALE, alleges as follows:

## PRELIMINARY STATEMENT

        1.     This is a civil rights action in which the plaintiff alleges that the City of New York and three New York City Police Officers of the 49th Precinct violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution, and New York state law by unlawfully stopping and frisking him, illegally searching his automobile, falsely arresting him, using unreasonable force on him, illegally strip searching him, denying him a fair trial and maliciously prosecuting him.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

        2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, malicious prosecution and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiff's claims under state law, a notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

7. Plaintiff testified at a 50-h hearing.

8. This action is brought within one year and 90 days of the incident at issue.

## PARTIES

9. Plaintiff is a resident of the State of New York, County of Bronx.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

12. On August 7, 2013, at approximately 9:45 p.m., plaintiff drove his 65 year-old uncle, Paul Lipsey, to Lipsey's home located at 1410 Metropolitan Avenue in Bronx, New York.

13. Lipsey, who suffers from various ailments, left his bag containing his medical records and his medication, including the painkiller Oxycodone, in plaintiff's car.

14. Lipsey's Oxycodone was in a prescription bottle with his name on it.

15. After dropping off Lipsey, plaintiff drove to the corner of Bronx Park East and Unionport Road in the Bronx to meet his cousin Christopher Roscoe and his friend Nakia Irvin.

16. When plaintiff arrived at the location, he exited his car and socialized with his cousin and his friend for approximately 15 minutes when Police Officer Andi Gjeci and a second police officer, referred to herein as John Doe 1, pulled up in an unmarked police car.

17. Officer Gjeci and the second officer asked the group if they were in possession of anything illegal, to which plaintiff and the others responded no.

18. Officer Gjeci and the second officer then searched plaintiff and the others without legal justification or consent and did not find anything illegal on any of them.

19. Next, Officer Gjeci and the second officer searched plaintiff's car without legal justification or consent.

20. The two officers found Paul Lipsey's bag in the car, looked inside the bag, and asked plaintiff to whom the Oxycodone belonged.

21. Plaintiff told the officers that the medication belonged to his uncle, Paul Lipsey, and that it had been legally prescribed.

22. The two officers then handcuffed plaintiff in an unreasonably tight manner and informed him that they were taking him into custody for investigative purposes to see if the Oxycodone did in fact belong to Lipsey.

23. The officers drove plaintiff to the 49th Precinct.

24. The officers refused plaintiff's requests to loosen the handcuffs.

25. At the precinct, plaintiff was left handcuffed in a cell for approximately 30 minutes.

26. In the precinct, Officer Gjeci and the second officer illegally strip searched plaintiff by ordering him to pull down his pants and underwear, bend over, squat, spread his buttocks with his hands, and cough.

27. The officers did not find anything illegal on plaintiff's person.

28. The officers called plaintiff's uncle, Paul Lipsey, at least two hours after they brought plaintiff to the precinct and confirmed that the Oxycodone belonged to Lipsey and that it was legally in plaintiff's car.

29. One of the officers then stated to plaintiff in sum and substance: "I confirmed that the medicine belongs to your uncle but it's too late to let you go at this point. You and your uncle are going to have to work things out with the DA."

30. Despite plaintiff's innocence and the fact that any probable cause that may have existed initially had dissipated, Officer Gjeci and the second officer, with the approval of a sergeant or other supervising officer, referred to herein as John Doe 2, falsely charged plaintiff with felony and misdemeanor possession of a controlled substance, specifically Oxycodone.

31. Plaintiff was eventually taken to and incarcerated in Bronx Central Booking.

32.     While plaintiff was held in Bronx Central Booking, Officer Gjeci, acting in concert with John Does 1 and 2, misrepresented to the Bronx County District Attorney's Office that plaintiff illegally possessed Oxycodone and encouraged prosecutors to file criminal charges against plaintiff.

33.     On August 8, 2013, Officer Gjeci, acting in concert with John Does 1 and 2, signed a criminal court complaint charging plaintiff with felony and misdemeanor possession of a controlled substance, specifically Oxycodone.

34.     During the evening of August 8, 2013, plaintiff was arraigned in Criminal Court and released on his own recognizance.

35.     Between plaintiff's arraignment and his next court appearance, which was scheduled for August 27, 2013, plaintiff's uncle, Paul Lipsey, spoke with the assigned prosecutor and informed the prosecutor that the Oxycodone belonged to him.

36.     During plaintiff's court appearance on August 27, 2013, the prosecution dismissed all criminal charges.

37.     Despite the fact that the criminal charges had been dismissed, defendants' arrest of plaintiff caused the college that plaintiff attended (and from where he later received an associate's degree), Technical Career Institute, to deny plaintiff a $7,200 tuition grant for plaintiff's final semester.  Plaintiff had received full tuition grants for all of his previous semesters at the college.

38.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated for approximately 24 hours and suffered a loss of liberty, "garden variety" emotional distress, fear, anxiety, sadness, embarrassment, humiliation, damage to reputation, the loss of a tuition grant valued at $7,200, and pain and bruising to his wrists.

## FIRST CLAIM

### (UNLAWFUL STOP & FRISK UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

39. Plaintiff repeats the foregoing allegations.

40. Defendants stopped and frisked plaintiff without legal justification or consent.

41. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for unlawfully stopping and frisking him.

## SECOND CLAIM

### (UNLAWFUL AUTOMOBILE SEARCH UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

42. Plaintiff repeats the foregoing allegations.

43. Defendants searched plaintiff's automobile without legal justification or consent.

44. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for unlawfully searching his automobile.

## THIRD CLAIM

### (FALSE ARREST UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

45. Plaintiff repeats the foregoing allegations.

46. At all relevant times, plaintiff did not commit a crime or violation.

47. Despite plaintiff's innocence, the defendants arrested plaintiff.

48. Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

6

49. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## FOURTH CLAIM

### (UNREASONABLE FORCE UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

50. Plaintiff repeats the foregoing allegations.

51. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and bruising to his wrists.

52. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## FIFTH CLAIM

### (ILLEGAL STRIP SEARCH UNDER THE FOURTH AMENDMENT)

53. Plaintiff repeats the foregoing allegations.

54. Defendants' strip search of plaintiff was illegal because plaintiff had not committed a crime, there was no reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes, and plaintiff was not being placed in a general jail population at the time of the search.

55. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

## SIXTH CLAIM

### (DENIAL OF A FAIR TRIAL UNDER THE SIXTH AMENDMENT)

(Against the Individual Defendants)

56. Plaintiff repeats the foregoing allegations.

57. Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime.

58. Defendants' misrepresentations deprived plaintiff of liberty.

59. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## SEVENTH CLAIM

## (MALICIOUS PROSECUTION UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

60. Plaintiff repeats the foregoing allegations.

61. Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime and initiated a prosecution against him or played a role in initiating a prosecution against him.

62. Defendants' misrepresentations deprived plaintiff of liberty.

63. The criminal case filed against plaintiff was ultimately dismissed.

64. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## EIGHTH CLAIM

## (FAILURE TO INTERVENE UNDER THE FOURTH & SIXTH AMENDMENTS)

(Against the Individual Defendants)

65. Plaintiff repeats the foregoing allegations.

66. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

67. Accordingly, the defendants are liable to plaintiff under the Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## NINTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

(Against the Individual defendants)

68. Plaintiff repeats the foregoing allegations.

69. At all relevant times, plaintiff did not commit a crime or violation.

70. Despite plaintiff's innocence, the defendants arrested plaintiff.

71. Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

72. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## TENTH CLAIM

### (MALICIOUS PROSECUTION UNDER STATE LAW)

(Against the Individual Defendants)

73. Plaintiff repeats the foregoing allegations.

74. Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime and initiated a prosecution against him or played a role in initiating a prosecution against him.

75. The criminal case filed against plaintiff was ultimately dismissed.

76. Accordingly, the defendants are liable to plaintiff under New York state law for malicious prosecution.

## ELEVENTH CLAIM

## (VICARIOUS LIABILITY)

(Against the City of New York)

77. Plaintiff repeats the foregoing allegations.

78. The individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

79. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest and malicious prosecution.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:   April 4, 2014

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391